## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **: CRIMINAL NO.:** |
| | : |
| v. | : |
| | : |
| **PACIFIC BREEZE FISHERIES LLC,** | **: 33 U.S.C. § 1908(a)** |
| | **: (Knowing Failure to Maintain an Accurate** |
| | **: Oil Record Book)** |
| | : |
| | **: 33 U.S.C. § 1908(a)** |
| | **: (Discharge Without Operating Oil** |
| | **: Separating Equipment)** |
| **Defendant.** | : |
| | **: 18 U.S.C. § 2** |
| | **: (Aiding and Abetting)** |
| | : |
| | : |
| | : |

## INFORMATION

The United States Attorney charges:

At all times material to this Information,

### A.    THE CORPORATE DEFENDANT

1. Defendant **PACIFIC BREEZE FISHERIES LLC** was a company incorporated in Delaware with an office at 1026 Cabras Highway, Suite 219, Piti, Guam 96915. Defendant **PACIFIC BREEZE FISHERIES LLC**, acting through its agents and employees, who were acting within the scope of their agency and employment, owned the fishing vessel *Pacific Breeze* (hereinafter "*F/V Pacific Breeze*").

**B.    THE *F/V PACIFIC BREEZE***

1. The *F/V Pacific Breeze* was a 1091 gross ton vessel, registered under the flag administration of the United States and bearing Vessel Identification Number 1212040. The *F/V Pacific Breeze* was engaged in international commercial maritime operations and caught and transported fish to a cannery in Pago Pago, American Samoa, and elsewhere.

2. The *F/V Pacific Breeze* had an Engine Department headed by a Chief Engineer and assisted by a First Assistant Engineer, a Second Assistant Engineer, and other lower-level personnel referred to in the industry as "oilers." The Chief Engineer had overall responsibility for the operations of the Engine Department, including the supervision of daily operations, formulation and implementation of Engine Department procedures, and verification that all systems, including the Oil Water Separator, were functioning properly.

**C.    LEGAL FRAMEWORK**

1. The United States is part of an international regime that regulates discharges of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships ("APPS"), Title 33, United States Code, Sections 1901, *et seq*. APPS makes it a crime for any person to knowingly violate MARPOL, APPS, or regulations promulgated under APPS. The regulations promulgated under APPS apply to all vessels that operate under the authority of the United States and are either: engaged in international voyages, certificated for ocean service, certificated for coastwise service beyond three nautical miles from land, or operated seaward of the outermost boundary of the territorial sea of the United States. 33 C.F.R. § 151.09(a)(1)-(4). The waters surrounding American Samoa are subject to the jurisdiction of the United States. *See* 48 U.S.C. §§ 1661, 1662, 1704; 33 C.F.R.

§§ 2.36 and 2.38. All crimes alleged in this Indictment took place within the waters of American Samoa, and within the navigable waters and jurisdiction of the United States, but out of the jurisdiction of any particular State or district, and therefore, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

2. On large commercial vessels, machinery space bilge water accumulates in wells in the bilges, the bottommost part of the vessel. Machinery space bilge water consists of water originating from spills and leaks from piping, tanks, or from condensation. This water may be contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. There can be more than one machinery space bilge on a vessel. A machinery space bilge as that term is used in the regulation means spaces on a ship containing machines that use oil and are capable of generating oil waste. In order to maintain bilges at safe levels, the bilges must periodically be emptied. This can be done in one of two ways: (1) machinery space bilge water can be discharged ashore to a waste reception facility; or, (2) it may be pumped over the side of the ship after being processed through a properly functioning Oil Water Separator ("OWS"). Pursuant to MARPOL and APPS, machinery space bilge water may be discharged overboard into the ocean only if it contains 15 parts per million ("ppm") or less concentration of oil. 33 C.F.R. § 151.10. The principal technology used to lower the oil content of oil-contaminated waste is an OWS, which includes an Oil Content Monitor ("OCM") to detect and prevent concentrations of oil in excess of 15 ppm from being discharged overboard. Sludge waste is generated in the engine room primarily as a result of the purification of fuel and lubrication oils that are used by the main propulsion engine and the electricity generator engines. Pursuant to MARPOL and APPS, sludge can only be

3

disposed of by either: (1) burning the sludge in an incinerator; or (2) discharging the sludge ashore to a waste reception facility.

3. Consistent with the requirements contained in MARPOL, APPS regulations require that a non-oil tanker ship of 400 gross tons and above maintain a record known as an Oil Record Book ("ORB") in which all disposals of oil residue and the discharge overboard or disposal otherwise of bilge waste and sludge that have accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(d). As persons in charge of the operations of discharging the "tunnel alley" and engine room machinery space bilge water into the sea, **PACIFIC BREEZE FISHERIES LLC**'s employees and agents were required to ensure that entries reflecting those discharges were made in the vessel's ORB without delay and to sign each completed operation. 33 C.F.R. § 151.25(h). The ORB must also contain entries concerning any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(g). The ORB must be maintained onboard the vessel for not less than three years, and must be readily available for inspection at all reasonable times. 33 C.F.R. § 151.25.

4. The United States Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 89(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS. In conducting vessel inspections, commonly known as Port State Control inspections, United States Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the ORB. The United States Coast Guard is specifically authorized to examine the vessel's ORB to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate procedures, whether it poses any danger to

4

United States ports and waters, and whether the vessel has discharged any oil or oily mixtures in violation of MARPOL, APPS, or any applicable federal regulations. 33 C.F.R. § 151.23(a)(3) and (c). If the United States Coast Guard finds evidence that a vessel is not in substantial compliance with MARPOL or APPS, the United States Coast Guard is empowered to deny a vessel's entry into a United States port or to detain the vessel until it is determined that the vessel does not present an unreasonable threat to the marine environment. 33 C.F.R. §§ 151.07(b) and 151.23(b).

## D.    THE CRIMINAL CHARGES

### COUNT ONE

1. Sections A through C of this Information are specifically incorporated and re-alleged herein.

2. On or about May 30, 2014, within the navigable waters, internal waters, and ports of the United States in the United States territory of American Samoa, the Defendant, **PACIFIC BREEZE FISHERIES LLC**, did knowingly fail to maintain an accurate Oil Record Book for the *F/V Pacific Breeze* in which all disposals of oil residue, overboard discharges of oil and oily mixtures, and disposals of machinery space bilge water were required to be fully recorded. Specifically, the Defendant maintained and caused to be maintained an Oil Record Book that: (1) failed to disclose overboard discharges of machinery space bilge water from the so-called "tunnel alley" on the vessel; (2) failed to fully account for the disposal and transfer of machinery

5

space bilge water; and (3) failed to fully account for the disposal and transfer of oil residues

(sludge).

**(Knowing Failure to Maintain Accurate Oil Record Book – Act to Prevent Pollution from Ships**, in violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; and Title 33, Code of Federal Regulations, Section 151.25)

## COUNT TWO

1. Sections A through C of this Information are specifically incorporated and re-alleged

herein.

2. During a voyage ending in Pago Pago, American Samoa on or about May 30, 2014,

within the jurisdiction of the United States and on a vessel operated under the authority of the

United States, the Defendant, **PACIFIC BREEZE FISHERIES LLC**, did knowingly discharge

machinery space bilge water overboard without verifying that the oil content of the effluent did

not exceed 15 parts per million oil to water and without having in operation properly functioning

oily water separating equipment including a 15 parts per million bilge alarm.

**(Discharge Without Operating Oil Separating Equipment – Act to Prevent Pollution from Ships**, in violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; and Title 33, Code of Federal Regulations, Section 151.10(b))

## COUNT THREE

1. Sections A through C of this Information are specifically incorporated and re-alleged

herein.

2. On or about June 30, 2015, within the navigable waters, internal waters, and ports of

the United States in the United States territory of American Samoa, the Defendant, **PACIFIC**

**BREEZE FISHERIES LLC**, did knowingly fail to maintain an accurate Oil Record Book for

the *F/V Pacific Breeze* in which all disposals of oil residue, overboard discharges of oil and oily

mixtures, and disposals of machinery space bilge water were required to be fully recorded. Specifically, the Defendant maintained and caused to be maintained an Oil Record Book that: (1) failed to disclose overboard discharges of machinery space bilge water from the so-called "tunnel alley" on the vessel; (2) failed to fully account for the disposal and transfer of machinery space bilge water; and (3) failed to fully account for the disposal and transfer of oil residues (sludge).

**(Knowing Failure to Maintain Accurate Oil Record Book – Act to Prevent Pollution from Ships**, in violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; and Title 33, Code of Federal Regulations, Section 151.25)

## COUNT FOUR

1. Sections A through C of this Information are specifically incorporated and re-alleged herein.

2. During a voyage ending in Pago Pago, American Samoa on or about June 30, 2015, within the jurisdiction of the United States and on a vessel operated under the authority of the United States, the Defendant, **PACIFIC BREEZE FISHERIES LLC**, did knowingly discharge machinery space bilge water overboard without verifying that the oil content of the effluent did not exceed 15 parts per million oil to water and without having in operation properly functioning oily water separating equipment including a 15 parts per million bilge alarm.

**(Discharge Without Operating Oil Separating Equipment – Act to Prevent Pollution from Ships**, in violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; and Title 33, Code of Federal Regulations, Section 151.10(b))

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Kenneth Nelson, VA State Bar No. 68484
Senior Trial Attorney
Brendan Selby, CA State Bar No. 295476
Trial Attorney

U.S. Department of Justice
Environmental Crimes Section
601 D Street NW, Suite 2814
Washington, DC 20530
(202) 305-0435(Nelson)
(202) 514-2715(Selby)
kenneth.nelson3@usdoj.gov
brendan.selby@usdoj.gov


CHANNING D. PHILLIPS
United States Attorney

Frederick Yette, D.C. Bar 385391
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7733
frederick.yette@usdoj.gov

8